IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**HARVEY P. SHORT,**

    **Plaintiff,**

v.                          **Case No. 2:07-cv-00277**

**JENNIFER BAILEY-WALKER, Judge,**
**Circuit Court of Kanawha County,**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

On May 4, 2007, Plaintiff filed the instant civil action under 42 U.S.C. § 1983 (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pro se complaints are held to less stringent standards than those drafted

by attorneys, and the court is obliged to construe liberally such complaints.

## ANALYSIS

In the Complaint, Plaintiff alleges that the defendant, the Honorable Jennifer Bailey-Walker, Judge of the Circuit Court of Kanawha County, has denied him a speedy trial by jury on a charge of second degree robbery for a period of over 20 months, in violation of his Sixth and Fourteenth Amendment rights. (# 2 at 4-5). The Complaint further alleges that "[o]n April 23, 2007, the Defendant on the record in open court refused the plaintiff a jury trial and instructed court-appointed counsel (Edward Reebrook, III) not to talk to the Plaintiff or to assist the Plaintiff in his criminal case." (Id. at 5). On this basis, Plaintiff also asserts that he has been denied counsel in violation of his Sixth Amendment rights. (Id.)

Plaintiff seeks injunctive relief to prohibit Judge Bailey-Walker from "denying the Plaintiff a trial by jury by needless postponements of the case," to "award Plaintiff a speedy trial," to "appoint counsel without a conflict of interest and stop interfering with counsel's duty to assist the Plaintiff," and to "appoint an expert psychologist to assist the Plaintiff in presenting his defense due to indigency." (Id. at 5-6).

All of the actions allegedly taken by Judge Bailey-Walker were taken in her judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); see also Stump v. Sparkman, 435 U.S. 349 (1978)(judicial

2

immunity applies even where judge accused of acting maliciously; only inapplicable where judge has acted in "clear absence of all jurisdiction"). Plaintiff's Complaint does not allege maliciousness, or that Judge Bailey-Walker acted in clear absence of all jurisdiction. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Judge Bailey-Walker is absolutely immune from liability in this civil action, and that the Complaint must be dismissed.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint (# 2) fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action under 28 U.S.C. 1915A and **DENY AS MOOT** Plaintiff's Application to Proceed Without Prepayment of Fees (# 1).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such

3

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" to mail a copy of the same to Plaintiff.

   November 28, 2007  
        Date

Mary E. Stanley  
United States Magistrate Judge